The final case on the call this morning, case numbers 1 2 1 9 3 9 and 1 2 1 9 6 1 in re N.G. People versus Floyd F. Agenda number 3. Appellant, are you ready? You may proceed. Now you're dividing your time and you'll be responsible for making sure that five minutes is left. Yes, Your Honor. Good morning, Your Honors. Counsel, may it please the court. I am Assistant Attorney General Mary Lebrecq, here representing the people of the state of Illinois, and I will be sharing my time with Appellate Counsel for the Minor Kristen Messamore. This case is about how Illinois courts and civil proceedings should handle a challenge to a criminal conviction under a claim that the conviction was based on a statute later found to be unconstitutional. The appellate court in this case did something extraordinary, as the dissent recognized, which was to vacate a criminal conviction in an appeal from an order entered in a juvenile court proceeding to terminate parental rights. The appellate court did so because it thought Defendant's 2008 conviction void, and it applied various doctrines associated with voidness, including the doctrines that said judgments can be attacked at any time, in any court, directly or collaterally, and that the challenges are not subject to forfeiture or other procedural restraints. The court concluded that it could excuse Defendant's forfeiture in challenging his conviction for the first time on appeal, that now was any time, and that it was any court. We don't think that the voidness doctrine was ever intended to excuse, to cause inquiry into the validity of criminal convictions in juvenile court proceedings, and we are asking this court to clarify that now. The word void has been used loosely in the past, and this has fostered confusion. The traditional distinctions between void and voidable judgments are that for voidable judgments, collateral attack is limited to the three traditional collateral proceedings, habeas corpus, post-conviction, and relief from judgment under Section 214.01 of the Code of Civil Procedure. This is what this court's decision in Malone tells us. But courts have sometimes called decisions void even when they had no intention of signaling that they believe the times all they're trying to say is that vacature is appropriate. What Dennis Thompson did that caused a problem for the appellate court in this case was identify that kind of voidness with the kind of voidness that belongs to judgments entered in the absence of jurisdiction. And that was a mistake for the three reasons we identified in our brief. First, finding a conviction based on a facially unconstitutional statute void is inconsistent with this court's definition of voidness as jurisdictional. This court has repeatedly held that classification of a judgment as void is reserved for only the most fundamental defects, that is, lack of personal jurisdiction or subject matter jurisdiction. In Castleberry, this court held that a sentence which did not conform to a statutory requirement could not be void because the failure to comply with a statutory requirement did not negate the circuit court's jurisdiction. Subject matter jurisdiction. And by the same reasoning, a conviction that does not conform to constitutional requirements cannot be void. Subject matter jurisdiction in Illinois courts is defined by the Illinois Constitution and all that it requires is a judiciable matter, one that is neither hypothetical nor moot and touches upon the legal relations of parties with adverse interests. And there's no dispute that the charges brought against defendant were a judiciable matter. And once a court has acquired jurisdiction, it does not lose it due to any subsequent error or irregularity. Is there, in a practical sense, is there anything problematic about terminating someone's parental rights based on a conviction that is facially unconstitutional? Well, it's not just based on convictions... I know that we're getting more into equity, I guess, than the law, but I'm just... It seems like even the court, even the dissenters seem to recognize there's... It's problematic, isn't it? Well, we don't think that it is required as a matter of due process or that it is required by the void ab initio doctrine or that it will leave the defendant without a remedy for the constitutional violations. Because he doesn't need to be able to attack the conviction in any court. The only things he needs to be able to vindicate his rights is a reasonable opportunity to obtain collateral review. And the decision invalidated in the statute under which he was convicted has to be applied retroactively on that review. And the void ab initio doctrine doesn't suggest otherwise. It is about retroactivity on direct appeal or in collateral review. Let me ask you a question specifically in the area of what you mean by collateral review. Usually we mean a 214-1 or a post-conviction petition. When we talk about collateral review, this seems to be another layer of distance from the original judgment. So my question is about appellate jurisdiction. Bennett pled guilty, did not file a motion to vacate under 604, Supreme Court Rule 604, which says no appeal can be had from a conviction based on a plea of guilty unless a motion to vacate. He didn't file a 214-1, and so Supreme Court Rule 304B gives appellate jurisdiction on the denial or the granting of a 214-1. That didn't happen. The notice of appeal was a notice of appeal from the termination case. How did the appellate court have jurisdiction, appellate jurisdiction, over the conviction? Well, it was the appellate court was claiming to have jurisdiction because it had appellate jurisdiction over the juvenile court proceeding, and it claimed that in the course of that juvenile court proceeding, it had the right to invalidate a conviction if it was void. Do you agree with that? No, we don't. Well, my question is, is there a problem with appellate jurisdiction there? Can a court, there's a wonderful line from one of our cases saying that the appellate court should not be lone rangers searching the landscape for wrongs to right. Can the appellate court look at another case that's not before it where its jurisdiction has not been invoked? I think that is also a problem in this case. I am not sure how helpful the law about the transfer of jurisdiction from the trial court to the appellate court is in this case, but, and I believe my co-counsel will have a little bit something more to say about jurisdiction, but our argument is that the court didn't have authority to do it in any circumstance. You talk about, the appellate court talked about the ability to collaterally review this, and of course they're doing it at the appellate level. Had this happened in the trial court, had the respondent raised the issue in the trial court, does that change the complexion of this? Would that trial court have had authority to do what the appellate court did here, even if you argue the appellate court did not have authority? I believe that the appellate court thought that it would, because the appellate court thought that the circuit court would have been able to invalidate the conviction, and that was how it derived its jurisdiction. If the circuit court, when presented with this conviction, could have vacated it, the appellate court believed that it could too. What is your argument, though, with regard to the trial court? We argue that neither one of them can do that. Are you saying it has to be an appeal from the conviction, or a 214-01, or some other proceeding that directly attacks the criminal conviction in the criminal case? Exactly, Your Honor. That's what we're saying. And why is this, why is the trial court here, why can't that be considered a collateral proceeding? It certainly isn't part of the original proceedings. Why isn't the trial court taking up this very important issue to the father? Well, that's where we get into the distinction between void and voidable judgments, because if it's a voidable judgment, there are only three ways that it can be collaterally attacked. And this is our argument. If it's a voidable judgment, it can only be attacked through habeas corpus post-conviction after 214-01. And a juvenile court proceeding does not qualify as either of those things. And McFadden is an alternative, because whether it was void or voidable, he would still have to get his criminal record changed before the state would not be able to rely on it. And we argue, too, that the appellate court's position would have, if that were allowed to stand, would have unfortunate consequences in three ways. First, it would increase the risks of adjudicatory error in evaluating attacks on criminal convictions, because the circuit court and juvenile court proceedings is a specialist court and it's assisted by specialist advocates who may be unfamiliar with the criminal case records and criminal law. It may also disadvantage the state where there's a guilty plea, as there was here, because requiring the conviction to be challenged in the criminal court ensures that prosecutors will be informed of it and have an opportunity to reinstate relinquished offenses, any relinquished offenses. And the defendant will also have an incentive to seek to vacate his conviction earlier, rather than waiting until it becomes relevant in civil proceedings. And this makes it more likely that he will do it before the statute of limitations runs on the relinquished offenses. And finally... Your arguments do rely to some extent on McFadden. Should McFadden apply in a civil case such as this? Is that the rationale of McFadden? We think so, because the same reasons that the court gave for its decision in McFadden are equally applicable here. In fact, the justification is better in some ways, because there's no past date by which time the parent must have obtained the vacatur. It only has to be done before the termination of unfitness and the termination of parental rights. And in McFadden, if the defendant did not discover the invalidity of his conviction until the subsequent charges were brought against him, it was already too late. But it was not necessarily too late for somebody under this Act. And the statutory provisions are very similar in the Adoption Act and the provision that is in McFadden. Both said that if someone has been convicted of felonies under applicable laws, and there's nothing that suggests any legislative intent to limit the coverage to persons whose convictions are not later subject to vacatur, there's an equally good reason for the legislature to want to have the validity of the conviction authoritatively established before taking an important step that may affect children's futures. The rule doesn't violate due process by enforcing an unenforceable statute, because termination of parental rights is not punishment. And the defendant was not without a remedy apart from the juvenile court proceeding, because he could have brought an action for vacatur under Section 214.01 before the proceedings began or even afterwards. And allowing what the appellate court did to stand would result in inconsistent judgments, which in fact occurred in this case. As we were preparing for argument, we discovered that after the PLA was granted in this case, defendant filed a petition under 214.01 and has gotten his 2008 conviction vacated. And this is inconsistent with the appellate court's judgment that purported to vacate it. And there are many other civil contexts in which criminal convictions may become relevant. If this court has no further questions at this time, I'll turn the podium over to co-counsel. Seeing none, thank you. Thank you. May it please the Court? Counsel? Good morning, Justices. Again, my name is Kristen Messamore, and I'm a court-appointed appellate attorney for the minor NG. As this court pointed out, we believe that there is a jurisdictional issue with regards to the appellate court being able to vacate the respondent's felony conviction. As it was pointed out by this court, that there was no notice of appeal filed on that conviction or any other Illinois Supreme Court rule requirements relating to criminal convictions themselves. The appellate court did attempt to utilize the Illinois Supreme Court rule 366A5 as its authority. However, the problem with that is that the Supreme Court in Creek v. Clark held that rule 365 does not bestow jurisdiction. In fact, it assumes that the court had jurisdiction in the first place. In addition to that, in the decision of People v. Ernest Thompson, this court reiterated the principles set forth in People v. Flowers where the issue of voidness must be raised in a context of a proceeding that is properly pending in the court. A court that lacks jurisdiction cannot confer any relief even from void orders or judgment. I am not conceding that the felony conviction was a void judgment. However, if this court decides that it was, my argument is that the appellate court had no jurisdiction to make any rulings on that particular felony conviction in this juvenile matter. Would the trial court have jurisdiction to vacate the criminal conviction without 214.01 being filed or compliance with 604? I would argue that it would not for the reasons that co-counsel set forth in her argument. Additionally, I don't think that that would be a wise precedent to set with regards to the fact that in juvenile court proceedings we have more than just the respondent's rights at issue. We have the minor's rights at issue. We're dealing in a courtroom under a petition filed under the Juvenile Court Act that has particular purposes. One of those purposes is that a minor should be able to expect permanency at the earliest possible moment when that child is removed from her parent as in this case. If we were to set forth the idea that a juvenile court or a juvenile judge would have to interrupt her proceedings in a termination of parental rights case in order to hold a trial inside of a hearing and that trial being a criminal case this would delay proceedings. It could bring it to a slow grinding halt and unfortunately these cases cannot go on forever because the child is not a child forever. This child deserves some permanency and the child has rights in these proceedings. Where is the child now? The child is right now in the care of her paternal grandfather. As we bring that up this child was not even one year old when this child was removed from her parents and she is now six years old. This court and co-counsel's argument suggested that we should use the principles of McFadden with regards to this case. Just as this court directed in McFadden if a felon wants to possess a firearm he must first clear his record to avoid an unlawful use of a weapon by a felon conviction. I would argue that the same would hold true here that if a respondent wants to avoid a finding of depravity pursuant to three felony convictions he must first vacate at least one of those convictions before he answers ready for trial. We expect every single defendant or respondent to come to court prepared. This respondent knew what he faced with regards to this petition to terminate his parental rights. He did have legal counsel throughout that entire juvenile proceeding. The law allowed for his unlawful use of a weapon charged to be vacated yet he sits back and does nothing. If we uphold the appellate court's decision in this case the question is going to become why should he do anything? Any respondent in his position could sit back and say I don't have to do anything to help myself before I step into that court where the state is trying to take away my parental rights. I don't have to help myself. According to the appellate court's ruling the court will have to do it for me. Counsel, your time has expired. Could you wrap it up? Yes, your honor. For the reasons set forth I would argue that the appellate court's decision should be deferred. Thank you. Thank you. Mr. Adams? Good morning. For the record my name is Neil Adams and I'm here as appointed counsel representing the appellee Floyd F. Thank you counsel. May it please the court. It's my pleasure and privilege to be here today. Briefly, your honors the issue here is clear. The state in this case, we're talking about termination of parental rights, introduced de minimis technical evidence to meet their burden. That being three felony convictions. They had the opportunity to present additional evidence regarding depravity. They chose not to do so. They introduced nothing else. Not a scintilla of other evidence. Can I ask a question about the facts? Yes. This plea took place in 2009, is that right? The plea to the unlawful use of a weapon offense? Yes, that's correct. And then he had a second one and then he had a third one. Can you give what was he sentenced to on those? The UUW, he got a short the initial case, a short prison sentence. Ultimately, on his last case, the armed habitual criminal case he's expected to be in prison and not eligible for parole until 2019. Prison sentence on all three? I believe so, Judge, off the top of my head. Each time he was released from prison, he was then charged, convicted of a gun in prison, released, charged, convicted of a gun. That's correct. Yes. Through most of the child's life, he's been in the penitentiary? Yes, that would be I don't know that that was ever explicitly argued or entered into evidence or discussed at length in the trial court, but I think that's a fair conclusion, Your Honor. I would know, however, that the record also established in the testimony in the trial court that while he was in prison, he was maintaining regular contact with the child. His parents were bringing the child to see him quite regularly. I think the testimony was something to the effect that he visited with the child 30 or more times that he was continuing to show interest in the child and that he was sending the exact language, something to the effect, I send cards, letters, gifts all kinds of stuff is what he said regarding that specific issue. But at any rate, so you have the state here attempting to deprive him of this right by offering de minimis evidence. One of the convictions they chose was this conviction under the part of the statute that was declared unconstitutional in Aquilar. The defendant was the only one to raise that as an issue saying UUW is unconstitutional. His lawyer didn't address it, the state's attorney didn't address it, and the court didn't address it. So at any rate, the matter proceeded. The court ultimately found that he was depraved and that Floyd had not overcome the rebuttable presumption. Now, the state in their brief and in arguments here talked about the distinction between void versus voidable judgments but in Dennis Thompson that's really, I think, the last word from this court about this issue. That decision was issued in December 3rd of 2015. And there, the state, I think, is urging you to take the position that from this day forth that there is one type of voidable and that is the one instance where the court lacks personal jurisdiction over the case. The but as we know in Dennis Thompson, this court stated that there were three different types of challenges. Three distinct challenges. The first being one that the state is, I think, saying should be the only one now. The second, and this is something the court addressing this topic after you've made your decision in Castleberry is saying a second type of voidness challenge that is exempt from forfeiture and may be raised at any time invites a challenge to a final judgment based on a facially unconstitutional statute that is void ab initio. It's similar judge but distinguishable, I think, in some important ways. McFadden, the court talks about how the defendant was under a statutory disability. That is, once they were convicted of unlawful use of a weapon, they could not go out and exercise self-help. That's what the court said. You cannot go out without clearing this disability and then go out and possess a firearm again. Here, this is different. You don't have the defendant going out and committing a similar criminal or a second criminal offense. Also, the appellate court, when they looked at the McFadden case, they distinguished it on a couple of grounds. One being that here it was not serving as a predicate felony for a second conviction and also in McFadden it was not clear from the record that the actual statutory provision that was being attacked was the one that was unconstitutional. Here, the appellate court, as you know, went sua sponte and secured the information to confirm that that conviction did fall under the actually facially unconstitutional statute. If we follow McFadden and say that the status of this respondent at the time of the hearing controls, then do you lose the status being he has a felony conviction? I think only if you declare that that conviction was voidable and not void. I think that's the only way you could do that respectfully. Because of its void, the language in Dennis Thompson, going back to Ernest Thompson in 2004 and then just as of December of 2015, it says a void ab initio judgment can be attacked at any time in any proceeding and there's no limitation. Can you address my jurisdictional issues then? If you're talking about any proceeding, so there's a civil trial and somebody has to get impeached for the prior conviction and the civil court in the malpractice case says no, I'm going to vacate that conviction. Can the court do that? Justice, I'm sorry. It's interesting. The appellate court, as you know here, filed a question asking the parties to respond and I felt I owed a duty of candor and that overcame my role as an advocate and that's the very issue I raised in my question. I said my only concern would be one of jurisdiction. So I thought exactly the same thing, Your Honor. But I think the appellate court here reconciled that concern by finding it had not only the right but the duty under Supreme Court Rule 366A to address this concern. And I think this is also... So 366A trumps any consideration of jurisdiction? That is, I believe, what the appellate court's position was. That they had a duty they see a void conviction that under the law can be attacked at any time in any proceeding and so therefore they had to address it. And I think there's something else there, Justice, and that is that we've got... These are accelerated docket cases and as the dissent noted, they opened their dissent with saying something needs to be done for this fellow because otherwise we're gonna have a grave miscarriage of justice. And they suggested maybe they should have been consolidated in front of one judge to hold a hearing on it. And so I think that is I think that puts a little bit of a different complexion on this instance due to that accelerated nature of the proceedings. Also the state argued and they relied on Malone quite a bit in their brief. I don't believe that's applicable. There you have a subsequent fellow trying to challenge the constitutionality of the collection set up and he's asserting in that subsequent class action for the first time he's challenging the constitutionality of the statute. Here we have a statute which has already been declared by this court as unconstitutional. And so I don't think that reliance on that analysis is appropriate or correct. And also in we were talking in a lot of the other cases Castleberry and what not. You're talking about challenges that are as applied as opposed to facial. And this court has recognized that they are distinct and they're not interchangeable and they are deserving of being treated or addressed in different ways. So I'm asking that this court adhere to your precedent, follow star A diseases. Dennis Thompson is not some ancient precedent that needs to topple. It's just two years old almost two years old where the court has addressed and stated that this void ab initio challenge is something that can be raised at any time in any proceeding. I'm asking the court here to follow. Could you address the Flowers case? Judge, I don't think that that applies or I think it's distinguishable and I think it is controlled by this court's decision and the line of cases in Dennis Thompson would be my position. As far as unintended and undesirable consequences something that occurred to me is how often is an entire criminal statute declared facially unconstitutional? It's not that often and I think this court has already addressed and McFadden the main concern you'd have and that is people coming in trying to say you can't prosecute me for unlawful use of a weapon by a felon because my unlawful use of a weapon case, the initial one, was unconstitutional. And I think you've addressed that and you've addressed it in a way regarding the self-help issue. And one other thing, and this turns on another difference in McFadden. In McFadden you have the defendant going out and committing another affirmative act, going out and possessing a weapon again. Here it's not the defendant committing an affirmative act, it's the state and seeking to introduce this conviction which they knew or should have known was void. And the state, they're the good guys. They wear the white hats. Justice is always a prosecutor's first concern. That's what our rules of professional conduct say. It's not secondary. Winning is second. Justice, doing justice is always first and always has to be first for a prosecutor. And it just, that's what initially struck me when I reviewed the record here. Being a former prosecutor, should they, not a question of could they, should they have introduced this conviction in light of the facts that they had nothing else to introduce. They had these three cases. It was clearly unconstitutional. No one disputes that. Are you suggesting they, how did they know it was unconstitutional when they introduced it? Well, I'm not saying that they had subjective independent knowledge that it was. But I know there's been case law from this court that has talked about how practicing lawyers have an obligation to be aware of developments  landmark decision. The defendant raised it in his testimony that this is unconstitutional. So that is why I'm saying if they didn't know, they should have known. What about Chenal where this court said that a void conviction based on the Aguilar case could be vacated but the state could reinstate other UUW counts that were unconstitutional and fine? And I did look at the charging document here and the defendant was only charged with one count. It's a two count bill of indictment but count one applied to a co-defendant, Darrell Catchings. So he was only charged with one case and he pled to that one case. Was all that in front of the court in the termination case? No, none of that was in front. There was basically no it was not addressed at all. The issue was raised very briefly. His public defender raised the issue but he raised it more in a McFadden situation where he had a post conviction attack on his unhabitual offender raising basically the same issue that was raised in McFadden. You can't convict me on the second charge because my initial charge was unconstitutional under Aguilar. And that's not the so he didn't raise I think what the proper objection was at trial. That being to that specific charge in the OHCF case that's unconstitutional. That is inadmissible. And or it can be attacked now under a collateral proceeding or I suppose even if the court wanted another way to address this you could address it on some sort of evidentiary basis saying the court should have held an evidentiary hearing and made a determination hey the probative value of this void conviction is outweighed by its prejudicial effect and just shouldn't have been admitted at evidence at all. So at any rate I think the appellate court did the right thing here. I would argue their decision is well reasoned and sound under the law and under precedent and they refer to the U.S. Supreme Court case Obergefell versus Hodges and talk about the erroneous deprivation of a fundamental liberty interest and the elevation of form over substance and how that should be aborted. And principles of equity do apply here. If the court doesn't have any more questions I would conclude my presentation at this time. Seeing none, thank you. Thank you. And since I didn't use all my time I'd just like to acknowledge the staff in the building how courteous and friendly they all were and it helps when you're nervous. Thank you. Thank you much. Rebuttal. Your Honor, the Adoption Act does not require the circuit court and juvenile court proceedings and the advocates to be masters of all the intricacy of criminal law and the criminal records and the past criminal procedure of this particular defendant. And we think it's a good thing. We think it's a good thing to keep it where there are people who know something about it. And there is nothing unusual or extraordinary about imposing a burden on the parent to take care of, to clear the status of his convictions before determination on something like this because the Adoption Act requires parents to prove in a number of different ways to do service plans and all kinds of things to prove their unfitness. And this is just one more thing that is reasonable for them to do. Your Honor, if you rely on McFadden to resolve this case we think you should still reach the issue of whether the conviction is void or voidable and this is because the appellate court did purport to vacate the conviction and that is a form of relief that it had no authority to give. And if the error is not corrected it will continue to cause confusion in circuit courts and the appellate courts. And it was because this court didn't reach the issue in McFadden that the appellate court fell into the error that it did in this case. And we don't think that McFadden will be properly understood until this issue is addressed as well. With respect to the remaining issues we stand on our brief. If there are no further questions we urge this court to reverse the appellate court's judgment and reinstate the judgment of the circuit court. Thank you. Ms. Lundbreg. Justices, as we all know in the case of People v. McFadden that no judgment including a judgment of conviction is deemed vacated until a court with reviewing authority has done so. That says to me that a juvenile judge should be able to take the evidence as it appears to her on the day of the hearing for termination of parental rights case. That a respondent should be taken as he presents himself. And on the day of this hearing the respondent had three felony convictions none of which were vacated. And the evidence was such that there were three felony convictions none of which were vacated. That being said the argument that a juvenile court judge should be able to, like we said prior stop the proceedings, hold a mini hearing and take care of this all now, I think flies in the face of the plain language of the statute with regards to the presumptive depravity at issue. It's pretty much almost exactly word for word for the statute of unlawful use of a weapon by a felon that this court reviewed in McFadden and it's very similar to the same wording that this court also reviewed in People v. Faulkner. That being said I don't think there's anything unjust or unfair to require the respondent to have gone and vacated his felony conviction before he enters into trial. Again, Edwillard's decision came down in 2013 we are now into 2016. I would support to this court the argument that a parent who wants to preserve his parental rights should be expected to do all that he can to preserve them himself. He is not helpless here. The minor, however, has to rely on the legislature to protect the minor has to rely on the juvenile court to protect the minor and all parties involved. Let's not forget that the respondent was represented by counsel, again, all throughout the juvenile proceeding. I don't believe that he was ambushed in this particular hearing. He knew what he was expecting. If there's any further questions from this court I would ask that the circuit court decisions and rulings and judgments are all changed. Thank you, Counselor. Case numbers 121939 and 121961 will be taken under advisement as agenda number 3. Counselors Labreck, Messamore and Adams we thank you for your arguments.